IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID S. WRAGGS, | |
| Plaintiff, | **8:25CV676** |
| vs. | |
| BELLEVUE POLICE DEPARTMENT, SARPY COUNTY CORRECTIONS, and CHI MIDLANDS HOSPITAL, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff filed a complaint on November 21, 2025, Filing No. 1, and was given leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the

line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff sues the Bellevue Police Department (BPD), Sarpy County Community Corrections (SCCC), and CHI Midlands Hospital (Midlands), alleging as follows:

On July 24, 2024, Plaintiff underwent lumbar spine surgery. Thereafter, he had significant physical limitations, including a restricted ability to bend, lift, and twist.

On November 24, 2024, BPD arrested Plaintiff on suspicion of driving under the influence (DUI) and placed him in SCCC custody. Plaintiff notified SCCC staff of his prior surgery and medical limitations during intake and explained he could not sit for breathalyzer testing. But the SCCC staff forcibly pushed him into a chair, causing a re-herniation of a spinal disc, severe pain, and immediate physical injury. SCCC then forcibly restrained Plaintiff and

injected him with an unknown substance twice in each leg without his consent. Plaintiff lost consciousness.

Plaintiff experienced pain and difficulty moving his right leg from being forced into a sitting position and involuntarily injected. He was transported to Midlands. Upon arrival, he regained consciousness. He again informed a BPD officer of his medical condition and limitations. Plaintiff's arms were handcuffed to the hospital bed, and a BPD officer tied Plaintiffs legs together while Plaintiff was fully restrained, unconscious, and posed no threat. This restraint caused numbness, severe stinging pain, and lasting discomfort around Plaintiff's ankles.

Plaintiff alleges Midlands employees did not intervene to protect his rights to privacy, safety, and informed consent, and allowed a non-medical law-enforcement officer to restrain him without oversight,

Due to the defendants' actions, Plaintiff suffered a diminished quality of life, severe physical and emotional injuries and trauma, and ongoing pain, requiring spinal treatment and mental health therapy. He requests compensatory and punitive damages, and declaratory relief. He further requests injunctive relief to include implementation of policies prohibiting unlawful restraint and forced medical procedures without due process; training on disability accommodation, racial bias, and civil-rights compliance; and enforcement of procedures protecting patient rights and informed consent.

## III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983, alleging the defendants violated his due process, equal protection, and Fourth and Eighth Amendment rights. He seeks recovery against all the defendants under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., and claims Midlands violated his federal patient-rights under the Health Insurance

3

Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d–1 to –9. Plaintiff further alleges claims for recovery under Nebraska law.

A federal court must dismiss a case if it lacks subject matter jurisdiction. Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

### A. Federal Question Jurisdiction

Plaintiff alleges he is entitled to recover under federal law against all the defendants, citing 42 U.S.C. § 1983, the ADA, and as to Midlands, HIIPA.

#### 1. 42 U.S.C. § 1983

Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23–101, but the same is not true of county departments. *See Winslow v. Smith*, 672 F. Supp. 2d 949, 964 (D. Neb. 2009) (sheriff's and county attorney's offices); *Griggs v. Douglas Cnty. Corr. Ctr.*, No. 8:07CV404, 2008 WL 1944557, at *1 (D. Neb. Apr. 29, 2008) (county corrections department). A lawsuit against SCCC, a department of Sarpy County, is a suit against Sarpy County.

Likewise, under Nebraska law, cities of the first class may sue and be sued, Neb. Rev. Stat. § 16–201, but not city police departments. A city police

department is an agency of the city and has no separate legal status under Nebraska law. *Hood-Bey v. Brown*, No. 8:24CV474, 2025 WL 1167837, at \*12 (D. Neb. Apr. 22, 2025) (collecting cases). So, Bellevue, Nebraska, is the proper defendant for Plaintiff's claim against BPD.

The City of Bellevue and Sarpy County are not liable to Plaintiff under 42 U.S.C. § 1983 for the actions and inactions of its employees on a theory of respondeat superior. *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006). And Plaintiff's complaint alleges no city or county policy or custom that caused his alleged injuries. *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 30–31 (2010); *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). The complaint fails to state a § 1983 claim against the city and county defendants.

Plaintiff has sued Midlands, a private health care entity for violating his constitutional rights. "Only a state actor can face § 1983 liability." *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021). However, a private entity can be considered a state actor under § 1983 in a few limited circumstances, including when the private entity performs a traditional, exclusive public function; when the government compels the private entity to take a particular action; or when the government acts jointly with the private entity. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019).

The state-actor question is a 'necessarily fact-bound inquiry. *Doe v. N. Homes, Inc.*, 11 F.4th at 637 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). The court considers whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority, and whether under the facts of this case, it is appropriate to consider the private entity as a state actor. *Id.* at 637-38. The plaintiff "must plausibly allege a mutual understanding, or a meeting of the minds, between the private

5

party and the state actor." *Magee v. Trs. of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (cleaned up)

Providing health care to inmates is not a traditionally exclusive public function, and there are no allegations that Midlands was required under the law or a joint agreement or plan with BPD or SCCC to provide medical care to Plaintiff. Plaintiff's complaint fails to state a § 1983 claim against BHS.

Plaintiff has failed to state a § 1983 claim against any of the defendants.

**2. Title II of the ADA**

Plaintiff alleges "Defendants failed to reasonably accommodate Plaintiff's known disability and instead discriminated against him by using excessive force and restraints, in violation of Title II of the ADA." Filing No. 1 at 12. Title II of the ADA "prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." A qualified individual with a disability is any person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). The term "public entity" is defined as "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1). *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999).

To state a Title II prima facie claim under the ADA, the plaintiff must allege facts showing: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability. *Id*. While Plaintiff alleges, in a conclusory fashion, that he is disabled and he was forcibly moved and placed in restraints due to disability discrimination, he has failed to allege facts supporting the elements of a Title II claim against any of the defendants. His complaint fails to state a Title II ADA claim.

6

### 3. HIPAA

Plaintiff alleges Midlands "failed to protect Plaintiff's rights to privacy, safety, and informed consent, and allowed a non-medical law-enforcement officer to restrain a patient without oversight, violating federal patient-rights regulations." Filing No. 1 at 12. Since HIPAA does not create a private right of action, Plaintiff's complaint fails to state a claim for recovery under that statute. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

Plaintiff's complaint fails to allege any claim cognizable under federal law. The court therefore lacks federal question subject matter jurisdiction.

## B. Diversity Jurisdiction

Plaintiff's complaint states the defendants committed assault, false imprisonment/unlawful restraint, official misconduct, and abuse of an individual in custody in violation of Nebraska law. Since Plaintiff is a citizen of Nebraska and all the defendants are Nebraska citizens, there is no diversity of citizenship. The court lacks diversity subject matter jurisdiction.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff has failed to allege a claim arising under federal law, and the court lacks diversity jurisdiction to consider his state law theories of recovery. The complaint is subject to dismissal. But instead of dismissing the complaint at this time, the court will grant Plaintiff leave to file an amended complaint.

Accordingly,

IT IS ORDERED

1. Plaintiff shall have until March 2, 2026, to file an amended complaint. Failure to file an amended complaint within the time specified by the Court

will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff is advised that any amended complaint filed will replace the initial complaint, not supplement it. So, all of Plaintiff's allegations must be included in the amended complaint.

2. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

3. The Clerk of Court is directed to set a pro se case management deadline using the following text: "March 2, 2026: check for amended complaint."

4. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 30th Day of January, 2026.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

8