IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID S. WRAGGS,

Plaintiff,

vs.

CITY OF BELLEVUE, NEBRASKA,
SARPY COUNTY, NEBRASKA, G.
SPARR, Officer, (Badge #396) #1, in
his official capacity; JOHN DOE, #2,
Correctional Officer, in his individual
capacity; and CHI HEALTH
MIDLANDS,

Defendants.

8:25CV676

MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff David S. Wraggs' amended complaint filed on March 2, 2026. Filing No. 7. The Court now conducts an initial review of Plaintiff's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff sues the Bellevue Police Department (BPD); Sarpy County, Nebraska; CHI Midlands Hospital (Midlands); Officer G. Sparr (Badge #396); and John Doe 2, a correctional officer. Plaintiff alleges as follows.

On July 24, 2024, Plaintiff underwent lumbar spine surgery. Thereafter, he had medical restrictions limiting his ability to bend, lift, twist, and sit for prolonged periods. These limitations substantially impaired his musculoskeletal function. Filing 7 at 2.

On November 24, 2024, Bellevue police officers arrested Plaintiff for Driving Under the Influence (DUI). Plaintiff did not resist arrest or pose any

2

immediate threat to the officers. Plaintiff informed the officers of his recent spinal surgery and physical restrictions, and that forcing him to sit would cause severe pain and re-injury. Despite this knowledge, a correctional officer forcibly pushed Plaintiff into a seated position for breathalyzer testing. Plaintiff experienced immediate severe spinal pain.

Plaintiff was transported to Sarpy County Community Corrections (SCCC). During intake, he informed the SCCC personnel of his spinal condition. Despite this notice, SCCC correctional officers, including John Doe 2, forcibly restrained him. Plaintiff was injected with an unknown substance without his consent and lost consciousness.

Plaintiff was transported to Midlands while still in police custody. Midlands had a policy of allowing law enforcement officers to manage the handcuffs for detained patients. Officers remained physically present in Plaintiff's hospital room, and with Midland's consent, Plaintiff was restrained to the hospital bed. Officer Sparr tied Plaintiff's legs together while Plaintiff was unconscious. Midlands staff did not intervene, adjust, or prevent Plaintiff's restraints despite knowing Plaintiff had a spinal condition.

Plaintiff alleges Officer Sparr and the SCCC correctional officer, John Doe 2, used excessive force and were deliberately indifferent to his medical needs. He alleges Midlands was a joint state actor with the officers, had a policy of allowing officers to determine the need for restraints rather than exercising independent medical judgment, and willfully participated in the officers' violation of his constitutional rights.

Plaintiff alleges Bellevue and Sarpy County violated his constitutional rights and his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq. He alleges Bellevue and Sarpy County failed to adequately train officers on the constitutional limits of using custodial

3

restraints, and how to detain and accommodate medically compromised suspects with disabilities. Plaintiff claims the need for such training was obvious because detainees with medical vulnerabilities routinely enter custody and failing to train officers on how to handle these medical situations reflects deliberate indifference to the constitutional rights of detainees. He alleges the officers could have reasonably accommodated his disability by allowing alternative positioning or obtaining medical clearance prior to applying restraints. Plaintiff alleges Sarpy County maintained a custom of permitting physical restraints without medical clearance for vulnerable detainees.

As a result of the forced sitting and restraints, Plaintiff allegedly re-injured his spine, causing nerve pain, numbness, and ongoing impairments. Plaintiff demands compensatory and punitive damages, training reforms, declaratory relief, attorney fees and costs.

### III. DISCUSSION

#### A. Claims against Officer Sparr and John Doe 2

Plaintiff sues Officer Sparr and John Doe 2, an SCCC correctional officer, in their individual capacities, alleging they used excessive force during his arrest. To state an excessive force claim, a plaintiff must allege that (1) he was seized within the meaning of the Fourth Amendment, and (2) the officer's use of force was objectively unreasonable given the facts and circumstances of the incident as judged from the perspective of a reasonable officer on the scene, and without regard to the officer's underlying intent or motivation. *Deezia v. City of Lincoln*, 350 F. Supp. 3d 868, 883 (D. Neb. 2018) (citing *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015); *Bishop v. Glazier,* 723 F.3d 957, 961 (8th Cir. 2013)). Determining whether the use of force was objectively reasonable requires consideration of the totality of the circumstances, including the severity of the crime at issue, whether the suspect posed an

immediate threat to the safety of the officer or others, and whether the suspect was actively fleeing or resisting arrest. *Id*.

Plaintiff alleges he was not resisting arrest or posing any threat to the officers or hospital staff. He alleges he was forced to sit down—an act which would generally not be considered excessive force. He further claims he was restrained with handcuffs—conduct not uncommon during an arrest and often causing only de minimis discomfort.

But here, Plaintiff alleges his legs were also restrained although he posed no risk or flight or harm, and the officers disregarded his physical impairments, despite notice of his prior spinal injury and the risk of pain or re-injury if manhandled into a chair or restrained. Liberally construed and considered true for the purposes of initial review, Plaintiff's allegations sufficiently state a claim of excessive force in violation of the Fourth Amendment. *Littrell v. Franklin*, 388 F.3d 578, 585 (8th Cir. 2004) (finding a court must consider whether the officer knew the suspect was injured when handcuffing and forcibly placing her in the car). *See also, Fisher v. City of Las Cruces,* 584 F.3d 888, 900 (10th Cir. 2009) (finding issue of fact on excessive force claim where the officer knew of suspect's injuries but applied handcuffs anyway, resulting in excruciating pain); *Winterrowd v. Nelson*, 480 F.3d 1181, 1184 (9th Cir. 2007) (finding issue of fact where the suspect stated he was physically unable to put his hands behind his back due to a shoulder injury and officer grabbed the arm and forced it to move); *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir. 1993) (finding claim of excessive use of force can be premised on applying handcuffs knowing the suspect had an injured arm and posed no threat); *Johnson v. City of Ecorse,* 137 F. Supp. 2d 886, 889 (E.D. Mich. 2001) (denying qualified immunity where handcuffs were tightly applied despite notice of the suspect's hand deformity).

Plaintiff also claims the officers were deliberately indifferent to his medical needs in violation of the Fourteenth Amendment. Claims of deliberate indifference to medical needs under the Fourteenth and Eighth Amendments are subject to the same pleading and proof requirements. *Stewart v. Garcia,* 139 F.4th 698, 708 (8th Cir. 2025). "Deliberate indifference has both an objective and a subjective component. The objective component requires a plaintiff to demonstrate an objectively serious medical need. The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need." *Id.* (quoting *McRaven v. Sanders*, 577 F.3d 974, 980 (8th Cir. 2009) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)).

Here, Plaintiff alleges the officers were aware of his prior spinal injury, but he does not allege facts showing the officers denied him medical care for injuries existing before or sustained during his arrest. Plaintiff was transported to the hospital by the officers, leaving Plaintiff's care and treatment to medical professionals. Plaintiff has failed to allege a Fourteenth Amendment claim for deliberate indifference to his medical needs.

**B. Claims against the City of Bellevue and Sarpy County**

Plaintiff sues Officer Sparr and John Doe 2, in their official capacities, the City of Bellevue, and Sarpy County. A lawsuit against a public employee in his or her official capacity is a suit against the public employer. *Campbell v. State of Iowa, Third Jud. Dist. Dep't of Corr. Serv.,* 702 F.3d 1140, 1141 (8th Cir. 2013) (quoting *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir.1999)). So, Plaintiff's claims against Officer Sparr and John Doe 2, in their official capacities, are claims against the City of Bellevue and Sarpy County, respectively.

Plaintiff alleges the City of Bellevue and Sarpy County violated his rights by failing to adequately train officers on how to handle injured and

disabled suspects. He claims the failure to train violated his constitutional rights and the failure to accommodate his needs violated his rights under the ADA.

### 1. Failure to Train

To allege a constitutional claim for failure to train, Plaintiff must allege facts showing deliberate indifference He must allege Bellevue and Sarpy County had notice of the need to train, either because failing to train officers is so likely to result in a violation of constitutional rights that the need for training is patently obvious, or because the responses of Bellevue and Sarpy County employees to a regularly recurring situation evinces a pattern of constitutional violations such that training is needed to protect the constitutional rights of the public. *Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 935 (8th Cir. 1991). Plaintiff must allege facts showing Bellevue and Sarpy County had notice, actual or constructive, of the inadequacy of its training program and failed to take remedial steps. *Id*. And he must allege the officers' lack of training caused the violation of his rights and resulting injuries.

Plaintiff alleges "training is obvious because detainees with medical vulnerabilities routinely enter custody." Filing 7 at 5. Plaintiff does not allege Bellevue and/or Sarpy County have a history of recurrent constitutional violations when interacting with disabled persons, or what training was needed but not provided. *Conlon v. Scaltreto*, 158 F.4th 211, 224 (1st Cir. 2025) (dismissing claim of failure to train where the complaint did not allege the substance or extent of training officers received, nor facts supporting a plausible inference that the need for training to avoid similar incidents was "patently obvious").

Plaintiff alleges this case is within the "narrow range of circumstances" where the violation of federal rights is "a highly predictable consequence of a

failure to equip law enforcement officers with specific tools to handle recurring situations." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown,* 520 U.S. 397, 409 (1997).

> The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice—namely, a violation of a specific constitutional or statutory right. The high degree of predictability may also support an inference of causation—that the municipality's indifference led directly to the very consequence that was so predictable.

*Id.* at 409-410.

Here, Plaintiff claims the city and county officers need training on detention of suspects with "medical vulnerabilities." This broad description cannot be characterized as a "narrow range of circumstances" for which training could provide "specific tools to handle" a recurring and predictable situation. See e.g., *St. John v. Hickey,* 411 F.3d 762, 776 (6th Cir. 2005) (holding that evidence showed sheriff did not provide specific training on detaining and transporting disabled and/or wheelchair-bound persons, but the need for such training was not "obvious" to prevent violations of citizens' constitutional rights).

The need to train was not "patently obvious" and Plaintiff has not alleged that either Bellevue or Sarpy County have a history of constitutional violations when detaining persons with physical injuries or disabilities. Plaintiff has failed to allege Bellevue and Sarpy County had notice of a need to train, or that any failure to train, if any, caused the alleged violation of Plaintiff's constitutional rights and resulting injuries. Plaintiff's failure to train claims must be dismissed.

8

Plaintiff's amended complaint includes the sentence, "Sarpy County maintained a custom of permitting physical restraints without medical clearance for vulnerable detainees." Filing 7 at 5. This vague and conclusory sentence, with no factual allegations to support it, fails to state a claim against Sarpy County for having a custom that violated Plaintiff's constitutional rights. Plaintiff's claim based on a Sarpy County custom must be dismissed.

### 2. Disability Discrimination

Plaintiff alleges the Bellevue police officers and Sarpy County correctional officers violated his rights under the ADA. A person is disabled within the meaning of the ADA only if he demonstrates that he has a physical or mental impairment which substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment. *Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). "Major life activities under the ADA are basic activities that the average person can perform with little or no difficulty, including 'caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Battle v. United Parcel Serv., Inc.*, 438 F.3d 856, 861 (8th Cir. 2006) (quoting 29 C.F.R. § 1630.2(I)).

Plaintiff alleges he had "a physical impairment substantially limiting major life activities including bending, lifting, twisting, and musculoskeletal function," Filing 7 at 6, but he does not allege how his limitations in movement impacted his ability to perform basis life activities. Plaintiff's conclusory allegation is insufficient to allege a disability as defined under the ADA. Plaintiff's ADA claim must be dismissed for failure to state a claim.

### C. Claims against Midlands

Plaintiff has sued CHI Health Midlands, a private health care entity, for violating his constitutional rights. "Only a state actor can face § 1983 liability." *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021). However, a

private entity can be considered a state actor under § 1983 in a few limited circumstances, including when the private entity performs a traditional, exclusive public function; when the government compels the private entity to take a particular action; or when the government acts jointly with the private entity. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019).

The state-actor question is a 'necessarily fact-bound inquiry. *Doe v. N. Homes, Inc.*, 11 F.4th at 637 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)). The court considers whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority, and whether under the facts of this case, it is appropriate to consider the private entity as a state actor. *Id.* at 637-38.

Providing health care to arrested suspects is not a traditionally exclusive public function and there is no allegation that Bellevue or Sarpy County compelled or had any authority to compel Midlands to provide medical care to Plaintiff. The amended complaint includes the sweeping statement that Midlands "willfully participated in the conduct resulting in constitutional deprivation" and "[t]he coordinated conduct constitutes action under color of state law." Filing 7 at 6-7.

Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Plaintiff's allegation of "coordinated conduct. . . under color of state law" is speculative and a legal conclusion. The Court disregards this allegation when reviewing Plaintiff's complaint. The complaint contains no factual allegations supporting a plausible claim that Midlands was a state actor when interacting with Plaintiff at the Midlands facility.

A federal court must have subject matter jurisdiction to consider the merits of Plaintiff's claims. Plaintiff has not alleged a valid claim against Midlands arising under federal law. So, as to Midlands, the Court lacks federal question subject matter jurisdiction.

Subject matter jurisdiction can also be based on what is commonly referred to as "diversity of citizenship." 28 U.S.C. § 1332. For diversity jurisdiction, the citizenship of each plaintiff must be different from the citizenship of each defendant, *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001), and the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Here, Plaintiff has not alleged facts to support diversity of citizenship. Diversity jurisdiction is therefore lacking, and any claim against CHI Health Midlands arising under state law must be dismissed.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's amended complaint fails to state an ADA claim against Sarpy County and the City of Bellevue, and he has failed to state a claim under 42 U.S.C. § 1983 against CHI Health Midlands, Sarpy County, and the City of Bellevue. As to Officer Sparr, a Bellevue police officer, and John Doe 2, a Sarpy County correctional officer, in their individual capacities, Plaintiff has failed to allege a claim of deliberate indifference to medical needs in violation of the Fourteenth Amendment, but he has stated a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment.

However, **the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the amended complaint. This is not a determination of the merits of**

11

**Plaintiff's claims or potential defenses thereto**. This matter will proceed to service of process as set forth below.

Accordingly,

IT IS ORDERED:

1. Only Plaintiff's excessive force claim against Officer G. Sparr (Badge #396) and John Doe 2, a Sarpy County correctional officer, in their individual capacities, may proceed.

2. Plaintiff's claims against Sarpy County, the City of Bellevue, and CHI Health Midlands, and Officer G. Sparr (Badge #396) and John Doe 2, a Sarpy County correctional officer, in their official capacities, are dismissed. Plaintiff's Fourteenth Amendment claim against Officer Sparr and John Doe 2, in their individual capacities, is dismissed.

3. The Clerk of Court is directed to terminate Sarpy County, the City of Bellevue, and CHI Health Midlands as defendants. The Clerk of Court is further directed to update the caption to reflect that Officer G. Sparr (Badge #396), in his individual capacity, and John Doe 2, a Sarpy County correctional officer, in his individual capacity, are the only defendants.

4. For service of process on Officer Sparr, in his individual capacity, the Clerk of Court is directed to complete a summons form and USM-285 form for service on Officer G. Sparr (Badge #396) using use the following address: Bellevue Police Department, 1510 Wall St., Bellevue, Nebraska 68005, and forward them together with a copy of the amended complaint, Filing 7, and a copy of this Memorandum and Order to the United States Marshals Service.

5. Service of process cannot be issued on the John Doe 2 defendant without Plaintiff specifically identifying him. After taking reasonable steps to identify the John Doe 2 defendant, Plaintiff shall, within 90 days of the entry of this Memorandum and Order, file a Motion for Service containing the full

12

name of, and service address for, the John Doe 2 defendant. If Plaintiff fails to do so, the John Doe 2 defendant will be dismissed from this action without prejudice due to a lack of service pursuant to Fed. R. Civ. P. 4(m). Plaintiff may request an extension of time in which to identify John Doe 2 if additional time is needed.

6.    The Marshals Service shall serve Officer G. Sparr (Badge #396), in his individual capacity, by certified mail or other authorized method of service at the Bellevue Police Department address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7.    For service by certified mail or designated delivery service, the Marshals Service shall serve the defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

8.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

9.    Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Officer Sparr.

10.   Plaintiff is hereby notified that failure to obtain service of process on Officer Sparr within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receiving the summons to answer or otherwise respond to a complaint.

11.   The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **July 1, 2026**: service of process of Officer Sparr to be completed and Motion for Service on John Doe due.

13

12.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

13.    Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 2nd day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

14